IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANDICE D. MATTHEWS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. NO. 4:20-CV-1480 |
| | § | |
| AMERICAN HERITAGE LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S INDEX OF STATE COURT DOCUMENTS

| | **State Court Document** | **Date Filed** |
|---|---|---|
| 1. | Harris County Docket Sheet | 04/27/2020 |
| 2. | Plaintiff's Original Petition and Request for Disclosure | 03/20/2020 |
| 3. | Certified Mail Tracking Number 7019 0140 0000 5910 8577 | 04/06/2020 |
| 4. | Service of Process on American Heritage Life Insurance Company | 04/13/2020 |
| 5. | Defendant's Original Answer | 04/24/2020 |

EXHIBIT B

Dated:  April 27, 2020

Respectfully submitted,

By: */s/ Andrew G. Jubinsky*
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    Southern Dist. I.D. No. 8603
    andy.jubinsky@figdav.com
    **Attorney-in-Charge**

**Of Counsel:**
Cameron E. Jean
Texas Bar No. 24097883
Southern Dist. I.D. No. 3121462
cameron.jean@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on April 27, 2020.

**<u>Via CM/RRR:</u>**
Jimmie L. J. Brown, Jr.
16310 Creeksouth Road
Houston, Texas 77068

Otha T. Carpenter, Attorney at Law
4606 FM 1960, Ste 400
Houston, Texas 77069

Michael A. Davenport
Davenport Law Office
4606 FM 1960, Ste 400
Houston, Texas 77069
*Attorneys for Plaintiff*

*/s/ Andrew G. Jubinsky*
Andrew G. Jubinsky

**HCDistrictclerk.com**  MATTHEWS, CANDICE D vs. AMERICAN HERITAGE        4/24/2020
LIFE INSURANCE
Cause: 202018503        CDI: 7        Court: 234

**DOCUMENTS**

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 90347388 | Defendant's Original Answer | | 04/24/2020 | 2 |
| 90191148 | Certified Mail Tracking Number 7019 0140 0000 5910 8577 | | 04/06/2020 | 2 |
| 89992064 | Plaintiffs original petition and request for disclosure | | 03/20/2020 | 19 |

1

3/20/2020 12:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41822076
By: Alize Herrera
Filed: 3/20/2020 12:57 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| **CANDICE D. MATTHEWS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | |
| | § | **_____RD JUDICIAL DISTRICT** |
| | § | |
| **AMERICAN HERITAGE LIFE INSURANCE** | § | **HARRIS COUNTY, TEXAS** |
| **COMPANY** | § | |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

### A. Discovery-Control Plan

1.      Plaintiff intends to conduct discovery under Level *2* of Texas Rule of Civil Procedure 190.3 because the amount of relief requested exceeds $50,000.00.

**1a.      Rule 47 Statement**

**Plaintiff's claims concern acts, Deceptive Trade Practices, Fraud and Breach of Contract, committed by Defendant, American Heritage Life Insurance Company, for which Plaintiff seeks damages that are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief over $100,000.00 but not more than $1,000,000.00, and all other relief to which she may be justly entitled.**

### B. Parties

2.      a.      Plaintiff, Candice D. Matthews, an individual, is a resident of  Harris County, Texas.

3.      a.      Defendant, American Heritage Life Insurance Company, is life insurance company doing business in Texas and selling life insurance policies, and may be served with process via Defendant's agent for service, by serving C. T. Corporations System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### C. Jurisdiction

4.      The court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimum jurisdictional requirements.

5.      The court has jurisdiction over the lawsuit under Texas Civil Practice & Remedies Code section 15.035 (b) based on a consumer transaction to be performed in Harris County and the

**Page 1 of 19**

2

agreement was entered into in Harris County.

## D. Venue

6.     Venue for this suit under the Deceptive Trade Practices Act (DTPA) is proper in Harris County under Texas Business & Commerce Code section 17.56 (2) and Texas Civil Practice & Remedies Code section 15.035 (b) based on a consumer transaction to be performed in Harris County, the service agreement was entered into in Harris County, and the defendant solicited the transaction made the subject of the action at bar in Harris County, Texas.

## E. Facts

7.     On or about February 21, 2014, Decedent, Rodrin R. Hinton, and Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, were married.

8.     Eleven (11) months later, on or about January 29, 2015, Applicant/Plaintiff made out an application for Life and Health Insurance with Defendant American Heritage Life Insurance Company.

9.     On or about March 24, 2016,  Decedent, Rodrin R. Hinton, died while in the custody of Harris County Jail.

10.    Applicant/Plaintiff obtained a death certificate on or about July 5, 2016.

11.    Decedent's cause of death was undetermined.

12.    On or about January 29, 2015, Decedent, Rodrin R. Hinton, and Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, was to have been employed by Rodrin Hot Shot, Inc., to be a family owned business.

13.    However, rather than incorporate this new business, Decedent, Rodrin R. Hinton, and Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, decided to incorporate under another name, family owned business R T Way Logistics, Inc., Articles of Incorporation filed April 8, 2015.

14.    R T Way Logistics, Inc., was incorporated April 8, 2015, after the parties were married and approximately two (2) months after Applicant/Plaintiff made out an application for Life and Health Insurance with Defendant American Heritage Life Insurance Company.

15.    On the application for Life and Health Insurance with Defendant American Heritage Life Insurance Company, is the section "Complete This Section for Persons to Be Insured.'

**Page 2 of 19**

16.   In the proposed insured section, the proposed insured is identified as Rodrin R. Hinton, spouse.

17.   In the section 'Complete This Section For The Person To Be Insured', the section for Employee identifies Employee, identified in Employee Section, as Candice Hinton.

18.    In the section 'Complete This Section For The Person To Be Insured', the section for Spouse identifies Rodrin Hinton.  Neither section is ever modified or corrected from January 29, 2015 to the date of Rodrin Hinton's death March 24, 2016.

19.   Rodrin Hot Shot, Inc. is never incorporated.  As such, the public records for the State of Texas and Harris County did not show the business entity Rodrin Hot Shot, Inc.

20.   In the section 'Complete This Section For The Person To Be Insured', the section contains the section identified as 'Actively Work'.

21.   The application defines 'Actively Work' as:

"Actively at work means that he/she is actively at work now for wage or profit  and has worked at least 20 hours each week performing all duties at his /her regular occupation at his/her regular place of employment for the last 3 months except for minor illness or injury of 1 week or less, or normal pregnancy."

22.   Three (3) months prior to January 29, 2015, include the months:   October 2014, November 2014, December 2014 and January 2015.

23.   Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, submitted in response to her claim to Allstate Benefits, the following proof of Decedent's employment:

1.   Employer All My Sons, Sept. 22, 2014 – Nov. 3, 2014 – 112.875 hours;
2.   Employer All My Sons, W-2 2014, Wages $1,128.75
3.   Self-employed R T Way Logistics, Inc.
4.   In addition, that Decedent was employed with 'Two Men and A Truck' for the period Feb. 4 – Feb. 28, 2016.

24.   For each entity identified above, for the months identified in ¶ 16 above, Decedent actively worked for wage or profit and worked at least 20 hours each week performing all duties at his regular occupation at his regular place of employment.

25.   Again, on or about March 24, 2016,  Decedent, Rodrin R. Hinton, died while in the custody of Harris County Jail as a result of callous indifference and/or conscious indifference of policies, practices and actions of Harris County officials, Nurse Cooper and various Harris

**Page 3 of 19**

County employees.

26.   On July 13, 2016, 11 days after the certificate of death is issued and 18 months after having made application and paid premiums for the subject life insurance policy, Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, submitted her claim to Allstate Benefits.

27.   On July 14, 2016, Allstate Benefits requested 'Copy of Mr. Hinton's 2014 and 2015 Income Tax return.

28.   On November 1, 2016, Allstate denied the claim for the following reasons:

'l) On 8/26/16 Ms. Hinton stated in a statement 'Re: Employment verification for Rodrin R. Hinton, Rodrin R. Hinton was not employed ... I was the only one working in the home.'

2) In a phone call to our office on 8/22/16 Ms. Hinton relayed, "Mr Hinton did not work in 2014 and 205 and did not file taxes for those years as stated on the letter received on 7/26/16. She sent her taxes to show that he didn't even file with her."

3) July 26, 2016 Letter from Candice Hinton in reply to our request for 2014 and 2015 tax returns for Mr. Hinton: "Re Rodrin's 2014- and 2015-Income Tax returns. Rodrin did   not file taxes for both of those years."

29.   Defendant returned premiums paid by Plaintiff on Nov. 17, 2016, in the sum of $1,813.76.  This check remains un-negotiated by Plaintiff.

30.   The Application and definition do not expressly require:

a.   that Mr. Hinton earn money; and/or

b.   that Mr. Hinton file taxes for the 3 months prior to Jan. 29, 2015; and/or

31.   The definition agreement expressly provide that - for the months October 1 - December 31, 2014 and for the month of January 1 - 29, 2015 -  the Decedent (i) actively work for wage or profit and (ii) has worked at least 20 hours each week performing all duties at his /her regular occupation at his/her regular place of employment for the last 3 months.

32.   The documents in Defendant Allstate's possession reflect that the Decedent was employed, and self-employed, working for All My Sons Moving and Storage and RT Way Logistics for the stated period.

**Page 4 of 19**

33.   The definition does not expressly contractually require the Decedent to have earned money but that he actively work for wage.  There is no requirement that Decedent file taxes for either 2014 and/or 2015.

34.   Plaintiff has previously made demand for payment of $150,000.00 and previously placed Defendant on notice of claim for breach of contract and violation of the Texas Deceptive Trade Practices Act.

35.   Plaintiff, again on Feb. 26, 2020, placed Defendant on notice for:

    a. Texas Insurance Code, Sec. 541.003, Unfair Methods of Competition and Unfair or Deceptive Acts or Practices

    b.  Texas Insurance Code, Sec. 541.051, Misrepresentation Regarding Policy or Insurer (B) the benefits or advantages promised by the policy),

    c. Texas Insurance Code, Sec. 541.060, Unfair Settlement Practices:

        (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

        (1) misrepresenting to a claimant a material fact or policy provision to coverage at issue;

        (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement;

        (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

        (9) requiring a claimant as a condition of settling a claim to produce the claimant's federal income tax returns for examination or investigation by the person.

36.   Pursuant to Sec. 541.151, Private Action for Damages Authorized, a person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice: (1) defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; or (2) specifically enumerated in Section 17.46(b ), Business & Commerce Code,

**Page 5 of 19**

Certified Document Number: 89992064 - Page 5 of 19

as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment.

37.   In addition to the above, per Sec. 541.152, Damages, Attorney Fees and Other Relief, (a) A plaintiff who prevails in an action under this subchapter may obtain: (1) the amount of actual damages, plus court costs and reasonable and necessary attorney's fees; (2) an order enjoining the act or failure to act complained of; or (3) any other relief the court determines is proper. (b) Except as provided by Subsection (c), on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages.

38.   On February 26, 2020, Plaintiff's DTPA Notice letter was sent to Defendant – in writing – both by regular mail and certified mail demanded that Defendant – in writing:

   a.   contact Plaintiff's attorney this office within sixty (60) days of his receipt of this letter, so the parties might avoid unnecessary time, expense and additional attorney fees in the further litigation of this matter.

   b.   That Defendant was demanded to pay $150,000.00 of $5,000.00, and attorney's fees of $7,500.00 – for a total of $157,500.00.

39.   As of March 18, 2020, has not responded.

40.   To date, Defendant has failed to perform as agreed.

41.   Plaintiff assert that Defendant engaged in breach of contract, and deceptive trade practices.

42   Plaintiff asserts that it would appear to be the practice of Defendant to represent his ability to perform to build/construct a food trailer, then breach, relying on delay to make good his avoidance.

43.   Plaintiff asserts that Defendant intentionally withheld performance and deceived Plaintiff concerning Defendant's nonperformance.

44.   Plaintiff sues for payment of $150,000.00, plus treble damages, court costs and attorney's fees.

### F. Count 1 – DTPA Claim

45.   Plaintiff, Candice D. Matthews, is a consumer under the DTPA.

46.   The DTPA defines a "consumer" in pertinent part as "an individual, partnership,

**Page 6 of 19**

corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services."

47.     Plaintiff both sought and acquired life insurance on the life of her husband, Rodrin R. Hinton, via policy 90AV54085U, from Defendant American Heritage Life Insurance Company.

45.     Defendant, American Heritage Life Insurance Company, is life insurance company doing business in Harris County and may be sued under the DTPA.

46.     On or about January 29, 2015, Applicant/Plaintiff made out an application for Life and Health Insurance with Defendant American Heritage Life Insurance Company.

47.     A life insurance policy for both Decedent and Applicant/Plaintiff was issued, to wit policy 90AV54085U.

48.     Applicant/Plaintiff obtained a death certificate on or about July 5, 2016.

49.     Decedent's cause of death was undetermined.

50.     On or about January 29, 2015, Decedent, Rodrin R. Hinton, and Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, was to have been employed by Rodrin Hot Shot, Inc., to be a family owned business.

51.     However, rather than incorporate under by Rodrin Hot Shot, Inc., Decedent, Rodrin R. Hinton, and Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, decided to incorporate under R T Way Logistics, Inc., Articles of Incorporation filed April 8, 2015.

52.     R T Way Logistics, Inc., was incorporated April 8, 2015, after the parties were married and approximately two (2) months after Applicant/Plaintiff made out an application for Life and Health Insurance with Defendant American Heritage Life Insurance Company.

53.     On the application for Life and Health Insurance with Defendant American Heritage Life Insurance Company, is the section "Complete This Section for Persons to Be Insured.'

54.     In the proposed insured section, the proposed insured is identified as Rodrin R. Hinton, spouse.

55.     In the section 'Complete This Section For The Person To Be Insured', the section for Employee identifies Employee, identified in Employee Section, as Candice Hinton.

56.      In the section 'Complete This Section For The Person To Be Insured', the section for Spouse identifies Rodrin Hinton.  Neither section is ever modified or corrected from January 29,

Certified Document Number: 89992064 - Page 7 of 19

2015 to the date of Rodrin Hinton's death March 24, 2016.

57.     In fact, from the January 29, 2015 until March 24, 2016, Defendant never informs Applicant/Plaintiff of any problems under the policy and continued to accept the premiums for approximately 18 months.  Defendant did not investigate the information contained in the Jan. 29, 2015 application for life insurance policy for 18 months, leading Applicant/Plaintiff to believe there was an effective policy.

57.     Rodrin Hot Shot, Inc. was never incorporated.  As such, the public records for the State of Texas and Harris County did not ever show the business entity Rodrin Hot Shot, Inc.

58.     In the section 'Complete This Section For The Person To Be Insured', the section contains the section identified as 'Actively Work'.

59.     The application defines 'Actively Work' as:

"Actively at work means that he/she is actively at work now for wage or profit  and has worked at least 20 hours each week performing all duties at his /her regular occupation at his/her regular place of employment for the last 3 months except for minor illness or injury of 1 week or less, or normal pregnancy."

60.     Three (3) months prior to January 29, 2015, include the months:   October 2014, November 2014, December 2014 and January 2015.

61.     Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, submitted in response to her claim to Allstate Benefits, the following proof of Decedent's employment:

1.  Employer All My Sons, Sept. 22, 2014 – Nov. 3, 2014 – 112.875 hours;
2.  Employer All My Sons, W-2 2014, Wages $1,128.75
3.  Self-employed R T Way Logistics, Inc.
4.  In addition, that Decedent was employed with 'Two Men and A Truck' for the period Feb. 4 – Feb. 28, 2016.

62.     For each entity identified above, for the months identified in ¶¶ 16 and 61 above, Decedent actively worked for wage or profit and worked at least 20 hours each week performing all duties at his regular occupation at his regular place of employment.   Decedent and Plaintiff/Applicant substantially complied with said requirement.

63.     Again, on or about March 24, 2016,  Decedent, Rodrin R. Hinton, died while in the custody of Harris County Jail as a result of callous indifference and/or conscious indifference of policies, practices and actions of Harris County officials, Nurse Cooper and various Harris County employees.

**Page 8 of 19**

64.     On July 13, 2016, 11 days after the certificate of death is issued and 18 months after having made application and paid premiums for the subject life insurance policy, Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, submitted her claim to Defendant, via Allstate Benefits.

65.     On July 14, 2016, Allstate Benefits requested 'Copy of Mr. Hinton's 2014 and 2015 Income Tax return.

66.     On November 1, 2016, Allstate denied the claim for the following reasons:

'l) On 8/26/16 Ms. Hinton stated in a statement 'Re: Employment verification for  Rodrin R. Hinton, Rodrin R. Hinton was not employed ... I was the only one working in the home.'

2) In a phone call to our office on 8/22/16 Ms. Hinton relayed, "Mr Hinton did not work in 2014 and 205 and did not file taxes for those years as stated on the letter received on 7/26/16. She sent her taxes to show that he didn't even file with her."

3) July 26, 2016 Letter from Candice Hinton in reply to our request for 2014 and 2015 tax returns for Mr. Hinton: "Re Rodrin's 2014 and 2015 Income Tax returns. Rodrin did not file taxes for both of those years."

67.     Defendant returned premiums paid by Plaintiff on Nov. 17, 2016, in the sum of $1,813.76.  This check remains un-negotiated by Plaintiff.

68.     The Application and definition do not, and did not, expressly require:

a.     that Mr. Hinton earn money; and/or

b.     that Mr. Hinton file taxes for the 3 months prior to Jan. 29, 2015.

69.     Decedent was not required to have worked for 2014, but for 3 months prior to January 29, 2015.

70.     Decedent was not required to have filed taxes for  2014 and/or 2015.

71.     In addition, Defendant, as a matter of law, was not required to have provided Defendant a copy of Decedent's 2014 and/or 2015 tax returns.

72.     The definition agreement expressly provide that - for the months October 1 - December 31, 2014 and for the month of January 1 - 29, 2015 -  the Decedent (i) actively work for wage or

**Page 9 of 19**

profit and (ii) has worked at least 20 hours each week performing all duties at his /her regular occupation at his/her regular place of employment for the last 3 months.

73.    The documents in Defendant Allstate's possession reflect that the Decedent was employed, and self-employed, working for All My Sons Moving and Storage and RT Way Logistics for the stated period.

74.    The definition does not expressly contractually require the Decedent to have earned money but that he actively work for wage.  There is no requirement that Decedent file taxes for either 2014 and/or 2015.

75.    Plaintiff has previously made demand for payment of $150,000.00 and previously placed Defendant on notice of claim for breach of contract and violation of the Texas Deceptive Trade Practices Act.

76.    Plaintiff, again on Feb. 26, 2020, placed Defendant on notice for:

    a.  Texas Insurance Code, Sec. 541.003, Unfair Methods of Competition and Unfair or Deceptive Acts or Practices

    b.   Texas Insurance Code, Sec. 541.051, Misrepresentation Regarding Policy or Insurer (B) the benefits or advantages promised by the policy),

    c.  Texas Insurance Code, Sec. 541.060, Unfair Settlement Practices:

        (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

        (1) misrepresenting to a claimant a material fact or policy provision to coverage at issue;

        (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement;

        (3) failing to promptly provide to a policyholder a reasonable  explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

        (9) requiring a claimant as a condition of settling a claim to produce the claimant's federal income tax returns for examination or investigation by the person.

**Page 10 of 19**

77.     Applicant/Plaintiff asserts that in violation of Texas Insurance Code, 541.003, Defendant's use of the defined words 'Actively at Work' constitutes 'unfair or deceptive acts or practices' to wit: that American Heritage Life Insurance Company, by (i) including requirements not expressly included in the stated application and/or (ii) including definitions not expressly included in the stated application, engaged in 'unfair or deceptive acts or practices'.

78.     Applicant/Plaintiff asserts that in violation of Texas Insurance Code, Sec. 541.051 (B), Misrepresentation Regarding Policy or Insurer, that the use of the terms 'Actively at Work', as applied by Defendant, denies to Applicant/Plaintiff the benefits or advantages promised by the policy, to wit:  payment of $150,000.00.

79.     Applicant/Plaintiff asserts that in violation of Texas Insurance Code, Sec. 541.060, Unfair Settlement Practices, Defendant's use of the terms 'Actively at Work', to include that Decedent to have worked for 2014, but for 3 months prior to January 29, 2015, to provide tax returns for 2014 and/or 2015, and to provide tax returns for 2014 and/or 2015, constitute violations of :

> Texas Insurance Code, Sec. 541.060, Unfair Settlement Practices:
>
> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
>
> (1) misrepresenting to a claimant a material fact or policy provision to coverage at issue;
>
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement;
>
> (3) failing to promptly provide to a policyholder a reasonable  explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
>
> (9) requiring a claimant as a condition of settling a claim to produce the claimant's federal income tax returns for examination or investigation by the person.

80.     Decedent, as a matter of law, was not required to have provided Defendant a copy of Decedent's 2014 and/or 2015 tax returns.

81.     Applicant/Plaintiff asserts that Defendant's actions constitute a trade practice that is

**Page 11 of 19**

defined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

82.    Pursuant to Sec. 541.151, Private Action for Damages Authorized, a person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice: (1) defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; or (2) specifically enumerated in Section 17.46(b ), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment.

83.    In addition to the above, per Sec. 541.152, Damages, Attorney Fees and Other Relief, (a) A plaintiff who prevails in an action under this subchapter may obtain: (1) the amount of actual damages, plus court costs and reasonable and necessary attorney's fees; (2) an order enjoining the act or failure to act complained of; or (3) any other relief the court determines is proper. (b) Except as provided by Subsection (c), on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages.

84.    On February 26, 2020, Plaintiff's DTPA Notice letter was sent to Defendant – in writing:

a.    contact Plaintiff's attorney this office within sixty (60) days of his receipt of this letter, so the parties might avoid unnecessary time, expense and additional attorney fees in the further litigation of this matter.

b.    That Defendant was demanded to pay $150,000.00, and attorney's fees of $7,500.00 – for a total of $157,500.00.

85.    As of March 18, 2020, has not responded.

86.    To date, Defendant has failed to perform as agreed.

87.    Plaintiff assert that Defendant engaged in breach of contract, and deceptive trade practices.

88.    Plaintiff asserts that Defendant intentionally withheld performance and deceived Plaintiff concerning Defendant's nonperformance.

89.    Plaintiff sues for payment of $150,000.00, plus treble damages, court costs and attorney's fees.

90.    Plaintiff seeks recovery of unliquidated damages within the jurisdictional limits of this

**Page 12 of 19**

court.

91.    _Additional damages._ Defendant acted knowingly and/or intentionally, which entitles plaintiff to recover treble damages under Texas Business & Commerce Code section 17.50(b)(1).

92.    _Attorney fees._   Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code section 17.50(d), not less than $7,500.00.

## G. Count 2 – Breach of Contract

93.    Plaintiff assert that Defendant breached the life insurance policy agreement entered into between Plaintiff and Defendant.  To establish a breach of contract, Plaintiff need show 1. a valid contract existed,  2. Plaintiff performed or tendered performance, 3. Defendant breached the contract, and 4. Plaintiff was damaged by the breach.

94.    Plaintiff both sought and acquired life insurance on the life of her husband, Rodrin R. Hinton, via policy 90AV54085U, from Defendant American Heritage Life Insurance Company.

95.    Defendant, American Heritage Life Insurance Company, is life insurance company doing business in Harris County and may be sued under the DTPA.

96.    On or about January 29, 2015, Applicant/Plaintiff made out an application for Life and Health Insurance with Defendant American Heritage Life Insurance Company.

97.    A life insurance policy for both Decedent and Applicant/Plaintiff was issued, to wit policy 90AV54085U.

98.    Applicant/Plaintiff obtained a death certificate on or about July 5, 2016.

99.    Decedent's cause of death was undetermined.

100.    On or about January 29, 2015, Decedent, Rodrin R. Hinton, and Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, was to have been employed by Rodrin Hot Shot, Inc., to be a family owned business.

101.    However, rather than incorporate under by Rodrin Hot Shot, Inc., Decedent, Rodrin R. Hinton, and Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, decided to incorporate under R T Way Logistics, Inc., Articles of Incorporation filed April 8, 2015.

102.    R T Way Logistics, Inc., was incorporated April 8, 2015, after the parties were married and approximately two (2) months after Applicant/Plaintiff made out an application for Life and

Certified Document Number: 89992064 - Page 13 of 19

Health Insurance with Defendant American Heritage Life Insurance Company.

103.    On the application for Life and Health Insurance with Defendant American Heritage Life Insurance Company, is the section "Complete This Section for Persons to Be Insured.'

104.    In the proposed insured section, the proposed insured is identified as Rodrin R. Hinton, spouse.

105.    In the section 'Complete This Section For The Person To Be Insured', the section for Employee identifies Employee, identified in Employee Section, as Candice Hinton.

106.     In the section 'Complete This Section For The Person To Be Insured', the section for Spouse identifies Rodrin Hinton.  Neither section is ever modified or corrected from January 29, 2015 to the date of Rodrin Hinton's death March 24, 2016.

107.    In fact, from the January 29, 2015 until March 24, 2016, Defendant never informs Applicant/Plaintiff of any problems under the policy and continued to accept the premiums for approximately 18 months.  Defendant did not investigate the information contained in the Jan. 29, 2015 application for life insurance policy for 18 months, leading Applicant/Plaintiff to believe there was an effective policy.

108.    Rodrin Hot Shot, Inc. was never incorporated.  As such, the public records for the State of Texas and Harris County did not ever show the business entity Rodrin Hot Shot, Inc.

109.    In the section 'Complete This Section For The Person To Be Insured', the section contains the section identified as 'Actively Work'.

110.    The application defines 'Actively Work' as:

> "Actively at work means that he/she is actively at work now for wage or profit  and has worked at least 20 hours each week performing all duties at his /her regular occupation at his/her regular place of employment for the last 3 months except for minor illness or injury of 1 week or less, or normal pregnancy."

111.    Three (3) months prior to January 29, 2015, include the months:   October 2014, November 2014, December 2014 and January 2015.

112.    Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, submitted in response to her claim to Allstate Benefits, the following proof of Decedent's employment:

1.    Employer All My Sons, Sept. 22, 2014 – Nov. 3, 2014 – 112.875 hours;
2.    Employer All My Sons, W-2 2014, Wages $1,128.75

**Page 14 of 19**

3.   Self-employed R T Way Logistics, Inc.

4.   In addition, that Decedent was employed with 'Two Men and A Truck' for the period Feb. 4 – Feb. 28, 2016.

113.   Again, on or about March 24, 2016,  Decedent, Rodrin R. Hinton, died while in the custody of Harris County Jail as a result of callous indifference and/or conscious indifference of policies, practices and actions of Harris County officials, Nurse Cooper and various Harris County employees.

114.   On July 13, 2016, 11 days after the certificate of death is issued and 18 months after having made application and paid premiums for the subject life insurance policy, Applicant/Plaintiff, Candice D. Matthews, f/k/a Candice D. Hinton, submitted her claim to Defendant, via Allstate Benefits.

115.   On November 1, 2016, Allstate breached the policy and Allstate denied the claim for the following stated reasons:

'l) On 8/26/16 Ms. Hinton stated in a statement 'Re: Employment verification for  Rodrin R. Hinton, Rodrin R. Hinton was not employed ... I was the only one working in the home.'

2) In a phone call to our office on 8/22/16 Ms. Hinton relayed, "Mr Hinton did not work in 2014 and 205 and did not file taxes for those years as stated on the letter received on 7/26/16. She sent her taxes to show that he didn't even file with her."

3) July 26, 2016 Letter from Candice Hinton in reply to our request for 2014 and 2015 tax returns for Mr. Hinton: "Re Rodrin's 2014 and 2015 Income Tax returns. Rodrin did not file taxes for both of those years."

116.   Defendant returned premiums paid by Plaintiff on Nov. 17, 2016, in the sum of $1,813.76.  This check remains un-negotiated by Plaintiff.

117.   The Application and definition do not, and did not, expressly require:

a.   that Mr. Hinton earn money; and/or

b.   that Mr. Hinton file taxes for the 3 months prior to Jan. 29, 2015.

118.   Decedent was not required to have worked for 2014, but for 3 months prior to January 29, 2015.

119.   Decedent was not required to have filed taxes for  2014 and/or 2015.

**Page 15 of 19**

120.    In addition, Defendant, as a matter of law, was not required to have provided Defendant a copy of Decedent's 2014 and/or 2015 tax returns.

121.    The definition agreement expressly provide that - for the months October 1 - December 31, 2014 and for the month of January 1 - 29, 2015 -  the Decedent (i) actively work for wage or profit and (ii) has worked at least 20 hours each week performing all duties at his /her regular occupation at his/her regular place of employment for the last 3 months.

122.    The documents in Defendant Allstate's possession reflect that the Decedent was employed, and self-employed, working for All My Sons Moving and Storage and RT Way Logistics for the stated period.

123.    The definition does not expressly contractually require the Decedent to have earned money but that he actively work for wage.  There is no requirement that Decedent file taxes for either 2014 and/or 2015.

124.    Plaintiff has previously made demand for payment of $150,000.00 and previously placed Defendant on notice of claim for breach of contract and violation of the Texas Deceptive Trade Practices Act.

125.    Plaintiff, again on Feb. 26, 2020, placed Defendant on breach of contract and on notice for DTPA violations for violations of:

>    a.  Texas Insurance Code, Sec. 541.003, Unfair Methods of Competition and Unfair or Deceptive Acts or Practices

>    b.  Texas Insurance Code, Sec. 541.051, Misrepresentation Regarding Policy or Insurer (B) the benefits or advantages promised by the policy),

>    c.  Texas Insurance Code, Sec. 541.060, Unfair Settlement Practices:

>>    (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

>>    (1) misrepresenting to a claimant a material fact or policy provision to coverage at issue;

>>    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement;

**Page 16 of 19**

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(9) requiring a claimant as a condition of settling a claim to produce the claimant's federal income tax returns for examination or investigation by the person.

126.   To date, Defendant has failed to perform as agreed.

127.   Plaintiff assert that Defendant engaged in breach of contract, and deceptive trade practices.

128.   Plaintiff asserts that Defendant intentionally withheld performance and deceived Plaintiff concerning Defendant's nonperformance.

129.   Plaintiff sues for payment of $150,000.00, plus treble damages, court costs and attorney's fees.

130.   Plaintiff seeks recovery of unliquidated damages within the jurisdictional limits of this court.

131.   Plaintiff sues for payment of $150,000.00, court costs and attorney's fees in a sum not less than $7,500.00, to include compensatory damages.

132.   <u>Attorney fees.</u>   Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under section 38.001 of the Texas Civil Practice and Remedies Code, and interest.

I. Conditions Precedent

133.   All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

**J. Request for Disclosure**

**134.   Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.**

K. Prayer

**Page 17 of 19**

Certified Document Number: 89992064 - Page 17 of 19

135.    For these reasons, plaintiff asks that the court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:

    a.       Economic and actual damages.

    b.       Treble damages.

    c.       Prejudgment and postjudgment interest.

    d.       Court costs.

    f.       Attorney fees.

    g.       All other relief to which plaintiff is entitled.

Respectfully submitted,

*/S/ Jimmie L. J. Brown, Jr.*

By:_____

Jimmie L. J. Brown, Jr.
Texas Bar No.  03141210
16310 Creeksouth Road
Houston, Texas 77068
Cell (713) 419-1021
Fax. (713) 583-1352
Email:  elderjimmiebrown@gmail.com
Attorney for Plaintiff,  Candice D. Matthews

*/s/ Otha T. Carpenter*

OTHA T. CARPENTER, ESQ.
ATTORNEY AT LAW
4606 FM 1960 Ste 400
Houston, TX 77069
713-227-2833 Office
281-315-8863 Fax
SBN: 03847500
Attorney for Plaintiff,  Candice D. Matthews
saxofpraise@aol.com

**Page 18 of 19**

Certified Document Number: 89992064 - Page 18 of 19

*/s/ Michael A. Davenport*

MICHAEL A. DAVENPORT
DAVENPORT LAW OFFICE
4606 FM 1960 Ste 400
HOUSTON, TX 77069
281-586-2208
281-315-8863 Fax
SBN: 05418300
davenportlawoffices@comcast.net
Attorney for Plaintiff,  Candice D. Matthews

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 89992064 - Page 19 of 19



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 21, 2020

Certified Document Number:        89992064 Total Pages:  19

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7019 0140 0000 5910 8577

CAUSE NO.   202018503

RECEIPT NO.   850935                                    75.00        CTM
                **********                        TR # 73740556

PLAINTIFF: MATTHEWS, CANDICE D                   In The      234th
            vs.                                  Judicial District Court
DEFENDANT: AMERICAN HERITAGE LIFE INSURANCE      of Harris County, Texas
                                                 234TH DISTRICT COURT
                                                 Houston, TX

                        CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris


TO: AMERICAN HERITAGE LIFE INSURANCE BY SERVING C T CORPORATIONS SYSTEM

    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201 - 3136

    Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE


This instrument was filed on the 20th day of March, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 6th day of April, 2020, under my hand and
seal of said Court.


Issued at request of:                                 MARILYN BURGESS, District Clerk
DAVENPORT, MICHAEL A.                                      Harris County, Texas
4606  FM 1960 W.                                          201 Caroline, Houston, Texas 77002
HOUSTON, TX  77069                                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 586-2208
Bar No.: 5418300                                          Generated By: CUERO, NELSON  7MM//11466765


                        CLERK'S RETURN BY MAILING
Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy    of    this    citation    together    with    an   attached    copy   of
 PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:


_____          ADDRESS

                                          Service was executed in accordance with Rule 106
(a)ADDRESSEE                                 (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
                                             hereto at

_____          _____
                                          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____
                                                                     _____

                                          This citation was not executed for the following
                                          reason: _____
                                                  _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy


RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

N ENT.CITM.P                              *73740556*                                        3

Certified Document Number: 90191148 - Page 1 of 2

7019 0140 0000 5410 8577

CAUSE NO.  202018503

RECEIPT NO.  850935                           75.00      CTM
            **********              .          TR # 73740556

PLAINTIFF: MATTHEWS, CANDICE D                 In The   234th
                  vs.                          Judicial District Court
DEFENDANT: AMERICAN HERITAGE LIFE INSURANCE    of Harris County, Texas
                                               234TH DISTRICT COURT
                                               Houston, TX

                        CITATION (CERTIFIED)
THE STATE OF TEXAS                .
County of Harris


TO: AMERICAN HERITAGE LIFE INSURANCE BY SERVING C T CORPORATIONS SYSTEM

    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201 - 3136

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE


This instrument was filed on the 20th day of March, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 6th day of April, 2020, under my hand and
seal of said Court.

                                        cnaiL Burges

Issued at request of:                          MARILYN BURGESS, District Clerk
DAVENPORT, MICHAEL A.                           Harris County, Texas
4606  FM 1960 W.                                201 Caroline, Houston, Texas 77002
HOUSTON, TX  77069                              (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 586-2208
Bar No.: 5418300                               Generated By: CUERO, NELSON  7MM//11466765

                        CLERK'S RETURN BY MAILING
Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:


_____         ADDRESS_____

_____         Service was executed in accordance with Rule 106
(a) ADDRESSEE                              (2) TRCP, upon the Defendant as evidenced by the
                                           return receipt incorporated herein and attached
_____           hereto at

                                         on _____ day of _____, _____
                                         by U.S. Postal delivery to _____

                                         _____

                                         This citation was not executed for the following
                                         reason: _____

                                         _____

                                         MARILYN BURGESS, District Clerk
                                         Harris County, TEXAS

                                         By _____, Deputy

Certified Document Number: 90191148 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 21, 2020

Certified Document Number:        90191148 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

 **CT Corporation**

**Service of Process Transmittal**
04/13/2020
CT Log Number 537528772

**TO:**   L&R Home Office Intake Unit
Allstate Insurance Company
3075 Sanders Rd Ste G4A
Northbrook, IL 60062-7119

**RE:**   **Process Served in Texas**

**FOR:**   American Heritage Life Insurance Company  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CANDICE D. MATTHEWS, Pltf. vs. AMERICAN HERITAGE LIFE INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 202018503 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/13/2020 postmarked on 04/06/2020 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/13/2020, Expected Purge Date: 04/18/2020<br><br>Image SOP<br><br>Email Notification,  L&R Home Office Intake Unit<br> LawSOPIntakeUnitCT@allstate.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

4

CERTIFIED MAIL

Marilyn Burgess
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651

7019 0140 0000 5910 8577



neopost
04/06/2020
US POSTAGE $

AMERICAN HERITAGE LIFE INSURANCE
c/o C T Corporations System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

4/24/2020 8:57 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42525329
By: SHANNON NORTH-GONZALEZ
Filed: 4/24/2020 8:57 AM

CAUSE NO. 2020-18503

| | | |
|---|---|---|
| CANDICE D. MATTHEWS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMERICAN HERITAGE LIFE INSURANCE | § | |
| COMPANY | § | 234TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant files its original answer and states:

## ANSWER

1.    **General Denial.** Subject to such admissions and stipulations as may be made at or before time of trial, Defendant denies generally and specially the material allegations in Plaintiff's Original Petition, pursuant to Tex. R. Civ. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

## AFFIRMATIVE DEFENSE

2.    No benefits are payable under the subject life insurance policy issued by Defendant (the "Policy"), and the Policy is void and of no effect, and should be rescinded because of material misrepresentations on the application for insurance pursuant to Tex. Ins. Code §§ 705.001 *et seq*.

## REQUESTED RELIEF

3.    Defendant requests the following relief:

(a)    That Plaintiff take nothing by reason of her suit;

(b)    That Defendant be dismissed with its costs; and

(c)    That Defendant have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

---

**Defendant's Original Answer**                                                    **Page 1**

Dated: April 24, 2020

Respectfully submitted,

By:    /s/ Andrew G. Jubinsky
       Andrew G. Jubinsky
       Texas Bar No. 11043000
       andy.jubinsky@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on April 24, 2020.

Jimmie L. J. Brown, Jr.
16310 Creeksouth Road
Houston, Texas 77068

Otha T. Carpenter, Attorney at Law
4606 FM 1960, Ste 400
Houston, Texas 77069

Michael A. Davenport
Davenport Law Office
4606 FM 1960, Ste 400
Houston, Texas 77069
*Attorney for Plaintiff*

      */s/ Andrew G. Jubinsky*
      Andrew G. Jubinsky